### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

```
IN RE:                                          In Proceedings
                                                Under Chapter 7
RICKY P. HARPS
GISELA I. HARPS,
                                                Case No. 10-31063
        Debtor(s).
```

OPINION

This matter came before the Court for hearing on an "Attorney Fee Statement and Application" filed by counsel for debtors and on the United States Trustee's Response to the fee application. The debtors filed a chapter 13 on April 26, 2010. Only six months later - and before a plan was confirmed - the debtors moved to convert their case to chapter 7 on the basis that they could no longer comply with their plan. The case was converted to chapter 7 on November 4, 2010.

The chapter 13 trustee subsequently filed a "Statement of Attorney's Fees Disbursed by Chapter 13 Trustee," indicating that James Brown, counsel for the debtors, was paid $3,500.00 in attorney's fees while the case was a chapter 13. When the case converted, counsel filed a Disclosure of Compensation stating that he had been paid $845.00, which appears to be an additional fee he received for the chapter 7. The Court then entered an order requiring counsel to file a written statement with the Court justifying the amount of attorney's fees that were paid for the chapter 13.

On November 22, 2010, Mr. Brown filed an "Attorney Fee Statement and Application," itemizing the time spent in the chapter 13. The fees totaled $3,490.00 for services rendered (13.6 hours at $200.00/hour for attorney's fees and 11.0 hours at $70.00/hour for fees charged by a legal assistant), plus expenses of $21.56, for a total amount of $3,511.56.

1

The United States Trustee filed a Response to the Attorney Fee Statement arguing that the fees exceed the reasonable value of the services rendered. Specific objections raised by the United States Trustee include the following:

- It does not appear that a licensed attorney met, consulted or advised the debtors concerning their financial situation and possible remedies until the paperwork for the chapter 13 filing was completed and presented to the debtors for their signature on April 24, 2010.
- The services rendered prior to the signing appointment were of minimal value given the absence of attorney involvement. It appears that the very basic questions of whether to file and if so, under which chapter, were left exclusively to the discretion of a legal assistant.
- Clerical duties are not compensable as legal work (for example, time entries such as "mail pay advices, tax returns to Trustee" and "open, print and calendar hearing on objection to confirmation").
- Certain entries are either inadequately described or were of no benefit to the estate.
- While the fee statement shows that attorney time was billed at $200.00/hour and legal assistant time at $70.00/hour, there is no information regarding the experience of the attorney or assistant or any other information to support the hourly billing rate.
- It is unclear from the wording of the time entries whether the entries were made contemporaneously with the event.
- The amended schedules that were filed following the conversion to chapter 7 do not reflect any obstacles to originally proceeding as a chapter 7.

The Court entered an order scheduling the matter for hearing on December 21, 2010. At the request of Mr. Brown, the hearing was continued to January 11, 2011 to allow counsel sufficient time to reply to the United States Trustee's objections. Despite being given ample time to file a reply in advance of the hearing date, Mr. Brown did not file his reply until after the close of business on January 10, 2011, the day before the hearing.

In his Reply and at the hearing, Mr. Brown admitted that legal assistants routinely conduct the initial interview with a client. In the instant case, he admits that a licensed attorney did not meet, consult or advise the debtors concerning their financial situation until the paperwork for the chapter 13 was presented to debtors for their signature. The debtors instead met with a legal assistant on March 12, 2010 (initial appointment); March 26, 2010 (initial follow-up appointment); April 1, 2010 (informational appointment); and April 6, 2010 (second informational appointment). The first time an attorney met with the debtors was on April 24, 2010, when the debtors signed the completed paperwork.

Mr. Brown, however, denies any inference that an attorney was not involved in the case prior to the date the paperwork was signed. He maintains that every client's case is reviewed by him within twenty-four hours of the client's first appointment "to make an initial determination, based on facts gathered by paralegal professionals as to any and all options the client may have regarding their existing financial information…." Reply at p. 2. According to Mr. Brown, specific notations of potential issues and information unique to a debtor's case are made and are the subject of any follow-up appointments with trained paralegals. Counsel further states that "meeting with debtors would not likely have been an added benefit to understanding the facts of a case based on the years of experience and thoroughness of information gathered by paralegals who have met with debtors." Reply at p. 3.

Mr. Brown also denies the allegations that the services rendered prior to the signing appointment were of minimal value, that certain entries inadequately describe the tasks performed, and that the services provided were of little benefit to the debtors. He agrees with the United States Trustee's assertion that it is unclear whether the time entries were made contemporaneously with the event, but submits "that it is the standard practice of the firm to do so." Reply at p. 8.

The Court has reviewed the pleadings in this matter and the arguments of counsel. Based on that review, the Court finds that the fees paid to debtors' counsel for services rendered in the chapter 13 are excessive and should be reduced.

The Court is very troubled by the fact that an attorney did not meet with the debtors – in fact, had no contact with the debtors - until the day the paperwork was signed. The Court finds it disturbing that this is a common practice at Mr. Brown's firm. There was no opportunity for an attorney to have a face-to-face meeting with the debtors to discuss their financial situation, to explain their options, to discuss the pros and cons of filing a chapter 7 or 13, to observe the debtors' demeanor and gauge their understanding of the process, and to answer the debtors' questions. In short, without face-to-face contact, there was no opportunity for Mr. Brown to "get to know" the debtors, and likewise, there was no opportunity for the debtors to evaluate whether they felt comfortable hiring Mr. Brown's firm. While Mr. Brown's legal assistants may or may not have years of experience, the debtors are entitled to meet with a licensed attorney at their initial appointment and certainly prior to the day the bankruptcy paperwork is signed. The Court finds it unacceptable that the debtors were not afforded that opportunity.

Mr. Brown asserts that pursuant to the standard practice at his firm, this case was reviewed by him within twenty-four hours of the debtors' initial appointment. What kind of

4

review was done? How meaningful was the review when Mr. Brown had not even met the debtors? Mr. Brown further represents that he reviews six to seven *new* cases per day. If that is an accurate number, is there truly enough time for him to conduct a complete and thorough review of each client's case? These questions – which are of particular concern in a chapter 13 case where counsel must review both a plan *and* the client's financial information supporting the proposed plan payment - have not been answered to the Court's satisfaction.

Counsel explained at the hearing that the urgency for filing a chapter 13 in the first place was due to late car payments. According to the original Schedules I and J, the debtors had a net monthly income of $1,611.90. Debtors listed only two secured creditors on their schedules. The debts to those creditors were secured by two cars: a 2001 Isuzu Rodeo LS (158,000 miles) with an estimated value of $3,116.00, and a 2001 Mercury Cougar (154,000 miles) with an estimated value of $5,472.00. Debtors also scheduled tax debt of approximately $24,951.00 and general unsecured debt of $33,812.00. Were the debtors advised, at their initial appointment, of possible solutions for keeping the cars without filing bankruptcy? Ironically, Mr. Brown was paid more in chapter 13 attorney's fees in six months than the value of one of those cars. Were debtors advised, at their initial appointment, of possible solutions for addressing their tax debt? It seems unlikely given that the debtors did not meet with an attorney until they signed their paperwork for the chapter 13 filing.

In addition, the Court finds that the time entries on counsel's fee statement do not fully comply with *In re Wiedau's, Inc*., 78 B.R. 904 (Bankr. S.D. Ill. 1987). In addition to listing each activity, the corresponding date, a description of the nature and substance of the work performed, and the time spent on the work, *Wiedau's* requires counsel to list the attorney who performed the work. *Id*. at 907. That was not done in this case. In addition, certain entries do not contain an

5

adequate description of the work performed, or they describe the performance of clerical duties that are not compensable as legal work. These include, but are not limited to, the following:

- 4/26/2010     PDF Documents and ECF. Print verification of filing.

- 4/27/2010     Mail pay advices, tax returns to Trustee. Prepare report.

- 5/20/2010     Send missing stubs to Trustee.

- 7/21/2010     Open, print and calendar hearing on objection to confirmation for 8/5/10 in primary and secondary calendar. Objection to incoming scheduling system for attorney to perform work.

- 10/1/2010     Email to paralegal to update contact information, one number no longer theirs.

- 10/1/2010     Infusion updated to provide new contact number and delete old number.

Finally, Mr. Brown stated at the hearing that the attorney handling the bulk of the work in this case had three years of experience. Mr. Brown also stated that his firm works on a flat fee basis and does not have specific billing rates. He further represented that nevertheless, his office researched attorney's fees and concluded that $200.00/hour was a reasonable fee for any attorney in his firm to charge, regardless of their level of experience. The Court finds this rate excessive for an attorney with three years of experience.

Accordingly, based on the Court's findings, IT IS ORDERED that counsel's fees for the chapter 13 case are hereby reduced from $3,500.00 to $1,500.00. Mr. Brown is ordered to disgorge to the debtors, within fourteen days from the date of this Opinion, the sum of $2,000.00.

See Order entered this date.

ENTERED: January 28, 2011

                                    /s/ Laura K. Grandy
                                UNITED STATES BANKRUPTCY JUDGE